IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM SCOTT MCKENNA,
Inmate No. P05294,
    Plaintiff,

vs.                                        Case No.: 3:17cv179/MCR/EMT

LINDA NOBLES, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, who identifies himself as both William Scott McKenna, registered trade name/business entity, and McKenna, William Scott, registered trade name holder and real party in interest, commenced this case by filing a "Verified Amended Complaint in Equity," under 28 U.S.C. §§ 1331, 1332, 1343(a)(3) and 42 U.S.C. §§ 1981, 1985(3) (ECF No. 1). Plaintiff paid the filing fee.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Upon review of Plaintiff's initial pleading, the undersigned recommends that this case be dismissed as frivolous.

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC"), claims he is "the highest title holder of the birth certificate of title bearing the name 'WILLIAM SCOTT MCKENNA' . . ." (ECF No. 1 at 2–3).[1]  He claims he is "a private, non-statutory, non-citizen, de jure American in the de jure original jurisdiction, not a 'person,' not a 'resident,' not a 'citizen,' . . . and therefore, diverse from the STATE OF FLORIDA and the UNITED STATES INC. and their corporate actors" (*id.* at 3).

Plaintiff names four Defendants in this action:  (1) The Honorable Linda L. Nobles, a judge in the Circuit Court in and for Escambia County, Florida; (2) Judge Nobles' husband; (3) Williams Eddins, the State Attorney for the First Judicial Circuit of Florida; and (4) State Attorney Eddins' wife (ECF No. 1 at 1–3).  The complaint alleges Judge Nobles and State Attorney Eddins violated Plaintiff's constitutional rights during the state criminal proceedings which led to Plaintiff's conviction in Escambia County Circuit Court Case Number 1997-CF-002330 (*see id.* at 3–6, 26 (page 14 of attached "Exhibit B")).  According to the public docket of Plaintiff's state criminal case, Plaintiff was convicted of two counts of sexual battery on a victim under 12 years of age and one count of lewd or lascivious activity in the presence of

---

[1] The page references used in this Report reflect the page numbers automatically assigned by the court's electronic docketing system rather than those Plaintiff may have assigned.

a child.  *See* http://www.escambiaclerk.com (search Case Number 1997 CF 002330).[2]  On September 9, 1998, Plaintiff was sentenced to two consecutive terms of life imprisonment on the sexual battery counts (Counts 1 and 2) and 15 years of imprisonment on the lewd or lascivious activity count (Count 6).[3]

Plaintiff alleges he previously filed an administrative remedy/claim titled, "Criminal Complaint & Affidavit of Obligation for Claim upon Public Hazard Bonds Demand for Release," claiming that Defendants committed "fraud, lack of full disclosure, fraudulent coercive inducement into contract, violation of rights without subject matter jurisdiction, criminal violations and human rights violations" in the state criminal case (ECF No. 1 at 3–5, 11–38 (attached "Exhibit B")).  The administrative remedy/claim stated, "This is a Private International Notice of Claim in the Admiralty, Without the United States" (*id.* at 13 (page 1 of attached "Exhibit B")).  One of the terms of the administrative remedy/claim states:

---

[2] *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).

[3] According to public docket of Plaintiff's state criminal case, his convictions on Counts 3, 4, and 5 were vacated on October 29, 2007.

Case No.: 3:17cv179/MCR/EMT

> TERMS OF THE CONTRACT: Upon your default, you agree the Claimant's unalienable Rights/Liberties were violated without due process of law.  Claimant was incarcerated without subject matter jurisdiction, causing irreparable injury Claimant [sic], and in so doing, or by failing to correct, Respondents have violated their Oaths to the Constitutions [sic], and now owe a debt to the Claimant, and are required to release Claimant from incarceration and probation/supervision as applicable.

(ECF No. 1 at 15–16, (pages 3–4 of attached "Exhibit B")).  The remedy sought in Plaintiff's administrative remedy/claim included vacating the judgment in Case No. 1997-CF-002330, immediately releasing him from prison and any conditions of supervision, and paying him $130,340,000.00 (ECF No. 1 at 24–26 (pages 12–14 of attached "Exhibit B")).

Plaintiff alleges Defendants "defaulted" on the administrative remedy/claim, and that he notified them of the default and provided them an opportunity to cure the default (*see* ECF No. 1 at 3–5, 39–44 (attached "Exhibit C")).  Plaintiff alleges Defendants failed to cure the default; therefore, he served a "Notice of Default & Certificate of Dishonor Administrate Judgment NIHIL DICIT [sic]" (*see* ECF No. 1 at 3–5, 45–51 (attached "Exhibit D")).  Plaintiff now seeks to reduce his alleged "private administrative judgment" to a civil judgment by bringing this federal civil action (ECF No. 1 at 3–5).  As relief, Plaintiff requests that the court grant summary

judgment on his "administrative remedy," order Defendants to pay him $130,340,000.00, and "release the Order of the Court" to Plaintiff (*see id.* at 5–6).

Because Plaintiff was a prisoner when he commenced this action, the court must review the complaint and dismiss it if satisfied that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)); *see also* Neitzke v. William, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (noting that a case is frivolous for when it appears the plaintiff has little or no chance of success) (internal quotation marks and citation omitted).

The undersigned has several years of practice in interpreting pleadings filed by pro se litigants and recognizes that certain niceties of such pleadings may not be the same as in those crafted by lawyers. Accordingly, the undersigned and her staff make every effort to review and understand the pleadings of pro se litigants. Nevertheless,

the present complaint can only be liberally characterized as gibberish. Although Plaintiff's complaint is saturated with legal terms, it is clear that Plaintiff has failed to plead anything close to approaching a cognizable claim. Both the terms used and the documents referenced and attached are nonsensical and certainly do not describe any sort of plausible cause of action.

From the undersigned's experience, Plaintiff's filings may be associated with what is known as the sovereign citizen movement. *See* Gravatt v. United States, 100 Fed. Cl. 279, 282 (Fed. Cl. 2011) (describing some beliefs of the sovereign citizen movement and noting "[s]o-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings"). Civil actions similar to Plaintiff's, and even a civil action previously filed by Plaintiff in this district court, have been dismissed as without merit and frivolous. *See, e.g.*, McKenna v. Obama, No. 3:15cv335/MCR/CJK, 2016 WL 5213940 (N.D. Fla. Aug. 19, 2016 (recommending dismissal of case as frivolous), *Report and Recommendation Adopted by*, 2016 WL 5110487 (N.D. Fla. Sept. 20, 2016) (dismissing case as frivolous); Paul v. New York, No. 13-CV-5047(SJF)(AKT), 2013 WL 5973138 (E.D. N.Y. Nov. 5, 2013) (dismissing complaint as frivolous); Santiago v. Century 21/PHH

Mortgage, No. 1:12-CV-02792-KOB, 2013 WL 1281776, at *1 n.3 (N.D. Ala. Mar. 27, 2013) ("The court recognizes the use of 'affidavits' and other pseudo-legal documents that purport to require responses within a specified time or face 'legal consequences' of the author's own making. Such tactics do not create valid legal documents."). Plaintiff's pleading in this case is unarguably without legal merit and should thus be dismissed as frivolous.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, the deficiencies in Plaintiff's complaint cannot be cured by amendment. Moreover, further processing of what might be loosely described as Plaintiff's claims, would result in waste of scarce pubic resources and would only serve as an incentive to further abuses. The undersigned thus finds Plaintiff's complaint should be dismissed, with prejudice, as frivolous. *See, e.g.*, Davis v. Kvalheim, 261F. App'x 231, 234 (11th Cir. 2008) (affirming district court's sua sponte dismissal, with prejudice, of plaintiff's complaint as frivolous where plaintiff's allegations "were clearly baseless and without arguable merit in fact, and he is simply

employing the legal system as a tool to intimidate and heckle those he imagines have done him wrong.") (internal quotation marks omitted).

Accordingly, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED, with prejudice**, as frivolous, pursuant to 28 U.S.C. § 1915A.

2. That the clerk enter judgment accordingly and close this case.

At Pensacola, Florida, this 4th day of April 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**